**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CATARINO ARREZOLA SANCHEZ, | Nos. 19-72577 |
| | 20-71059 |
| Petitioner, | |
| | Agency No. A096-477-529 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted May 18, 2021[**]

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Catarino Arrezola Sanchez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT")

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(petition No. 19-72577), and the BIA's order denying his motion to reconsider and terminate proceedings (petition No. 20-71059). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion the denial of a motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petitions for review.

As to petition No. 19-72577, substantial evidence supports the agency's determination that Arrezola Sanchez failed to establish he was or would be persecuted on account of a protected ground, including membership in a family-based social group. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). In his opening brief, Arrezola Sanchez does not challenge the agency's dispositive determination that his returnee-based social group was not cognizable. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, Arrezola Sanchez's asylum and withholding of removal claims fail.

19-72577

In light of this disposition, we do not reach Arrezola Sanchez's remaining contentions regarding the merits of his asylum and withholding of removal claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT relief because Arrezola Sanchez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject as unsupported by the record Arrezola Sanchez's contentions that the agency applied incorrect legal standards and ignored evidence in deciding his claims.

As to petition No. 20-71059, the BIA did not abuse its discretion in denying Arrezola Sanchez's motion to reconsider and terminate, where his contention that the immigration court lacked jurisdiction over his proceedings is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("[T]he lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over her case.").

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITIONS FOR REVIEW DENIED.**

19-72577